HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARCUS SEARLS, | CASE NO. C11-5673RBL |
| Plaintiff, | ORDER |
| v. | |
| GRAYS HARBOR COUNTY, THE CITY OF OAKVILLE, THE CITY OF ELMA, STEVE LARSON, and RICHARD FLETCHER, | |
| Defendant. | |

THIS MATTER is before the Court on Motions to Dismiss filed by Defendant City of Oakville [Dkt. #14], and by Defendant Grays Harbor County [Dkt. #17]. The Court has reviewed the materials for and against said Motions, as well as the Complaint for Damages Under 42 U.S.C. § 1983 [Dkt. #1] and the First Amended Complaint for Damages Under 42 U.S.C. § 1983 (proposed) [Dkt. #30]. Oral argument is not necessary. For the following reasons, the Motions to Dismiss under Fed. R. Civ. P. 12(b)(6) are **GRANTED**. The Motion to Amend the Complaint [Dkt. #30] is **DENIED**.

A plaintiff alleging municipal liability for civil rights violations must prove three elements: (1) a violation of his/her constitutional rights, (2) the existence of a municipal policy or

custom, and (3) a causal nexus between the policy or custom and the constitutional violation. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 691 (1978).  A plaintiff must show that the municipality acted with the requisite degree of culpability, and he must demonstrate a direct casual link between the municipal action and the deprivation of federal rights. *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404 (1997).  In other words, the municipality's actions must be the "moving force" behind the rights deprivation. *Id*. On the other hand, §1983 liability cannot be vicarious or premised on respondeat superior. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Monell*, 436 U.S. at 690-94.

No set of facts can be cobbled so as to present evidence of a custom, pattern or policy that permits deliberate indifference.  If the allegations are true, Steve Larson was engaged in illegal conduct in furtherance of his personal frolic and detour.  Neither Grays Harbor County nor the City of Oakville is alleged to be the "moving force" behind the alleged civil rights violation.  Plaintiff's proposed Amended Complaint does not remedy this flaw in his claims against the City and County, and his Motion to Amend [Dkt. #30] is **DENIED.**  The Motions to Dismiss [Dkt #14 and Dkt. #17] are **GRANTED** and the claims against Grays Harbor County and City of Oakville are **Dismissed With Prejudice**.

Dated this 28th day of December, 2011.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE