HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARCUS SEARLS, | No.  11-cv-5673-RBL |
| Plaintiff, | ORDER |
| v. | (Dkt. #40, 48, 49) |
| GRAYS HARBOR COUNTY, THE CITY OF OAKVILLE, THE CITY OF ELMA, STEVE LARSON, and RICHARD FLETCHER, | |
| Defendants. | |

Plaintiff alleges that Officer Richard Fletcher violated his fourth-amendment rights by holding him in a "hot car" for more than an hour, inducing an asthma attack. (*See* Compl., Dkt. #1.) Defendants have produced numerous pieces of evidence that Plaintiff was held in the cruiser for no more than 16 minutes, that Plaintiff did not suffer any asthma attack, and that the vehicle was not in fact unreasonably intemperate. (*See* Def.'s Mot. for Summ. J., Dkt. #40.) Plaintiff has requested an extension of time to respond and court-appointed counsel.

### I.   BACKGROUND

Plaintiff alleges that following his arrest by Officer Fletcher, he was "intentionally and maliciously placed . . . in a life threatening situation," to wit—a "hot car." (Compl. ¶¶ 4.8–4.9.) Plaintiff alleges that the "temperature outside was approximately 80 degrees," and the temperature inside, "substantially hotter." (*Id.* ¶ 3.23.) Plaintiff alleges he suffered a severe asthma attack, the windows were closed, and the air conditioning was off. (*Id.*) When the officer returned, Plaintiff "was soaked with perspiration . . . and fearful for his life." (*Id.*)

Defendants present quite a different scenario.  Officer Fletcher responded to a call at a local Texaco station at 12:51 p.m., where the store clerk claimed she had been threatened by a patron.  (Decl. of Lt. Richard Fletcher, ¶ 3.)  A second witness confirmed the incident.  (*Id.* ¶ 4.)  Officer Fletcher obtained a description of the suspect's vehicle—a green van—which was across the street.  (*Id.* ¶ 5.)  Officer Fletcher followed the van, until it stopped, and the driver, Plaintiff, exited and asked the officer why he was being followed.  (*Id.*)  Officer Fletcher explained that the Texaco clerk had complained about threats, to which Plaintiff complained "about someone stealing thousands of dollars."  (*Id.*)  Officer Fletcher then placed Plaintiff under arrest.

Officer Fletcher took Plaintiff to the Texaco, where he obtained statements from both the clerk and the witness.  (*Id.* ¶ 6.)  The police incident history shows the initial call to Officer Fletcher at 12:51 p.m., Plaintiff's arrest at 1:00 p.m., arrival at the Texaco at 1:03 p.m., and arrival at the City of Elma police state at 1:17.  (*Id.*, Ex. A.)  Thus, the incident history shows that the entire incident took place over 26 minutes.  (*See also* Decl. of Kimberly Gilbert) (suggesting that entire incident was of short duration).

## II.   MOTION FOR APPOINTMENT OF COUNSEL

A court may appoint counsel to an indigent party in a civil case only in "exceptional circumstances."  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).  This test requires consideration of both the likelihood of success on the merits and the ability of the party to present his claims *pro se*.  At this stage, appointment of counsel is inappropriate.  The case is relatively simple: Plaintiff must produce evidence in support of his factual allegations, or the case will be dismissed.  Further, as judged by the allegations in the Complaint, Plaintiff's claims are unlikely to succeed.

## III.   MOTION FOR SUMMARY JUDGMENT ON CLAIMS AGAINST THE CITY OF ELMA

The City of Elma has moved to dismiss the municipal-liability claim because the claim is ***expressly*** based on a *respondeat superior* principle.  (*See* Compl. ¶ 4.8–4.12.)  Municipal liability for civil rights violations must be premised on a municipal policy or custom and not on mere *respondeat superior* liability.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).  In

this case, Plaintiff's legal theory is flatly counter to well-established law, and as such, the claims against the City of Elma are dismissed.

### IV. MOTION FOR SUMMARY JUDGMENT ON CLAIM AGAINST OFFICER FLETCHER AND MOTION FOR EXTENSION OF TIME

Given the paucity of factual allegations against Officer Fletcher, the Court has serious doubts about the strength of Plaintiff's claim. However, because Defendants have already filed their summary-judgment motion, little prejudice results by allowing additional time to respond.

The motion for extension of time is granted. Plaintiff has 30 days from the date of this order—until January 3, 2012—to respond to Defendants' motion for summary judgment.

### V. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for an Extension of Time (Dkt. #48) is **GRANTED**; the Motion of Appointment of Counsel (Dkt. #49) is **DENIED**; and Defendants' Motion for Summary Judgment (Dkt. #40) is **GRANTED IN PART**. Plaintiff's response to the Motion for Summary Judgment is **DUE JANUARY 3, 2013**.

The Clerk shall **RENOTE** Defendants' Motion for Summary Judgment (Dkt. #40) for January 11, 2013, at which time the Court will review Plaintiff's response, if any, and Defendant's reply, in order to determine the claim against Officer Fletcher.

Dated this 3rd day of December 2012.

Ronald B. Leighton
United States District Judge